H.H. (SHASHI) KEWALRAMANI
S|H|K Legal, APC
P.O. Box 18714
Anaheim, CA 92807
Telephone: (714) 335-4590
Fax: (714) 363-3822
Email: shashi@shklegal.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
CORBY R. VOWELL (*Pro Hac Vice To Be Filed*)
DAVE R. GUNTER (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  vowell@fsclaw.com
Email:  gunter@fsclaw.com

Attorneys for Plaintiff
REVERSIBLE CONNECTIONS LLC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA,

# SOUTHERN DIVISION

| | |
|---|---|
| REVERSIBLE CONNECTIONS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ASROCK AMERICA, INC.,<br><br>Defendant. | CASE NO.  5:17-cv-1445<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff REVERSIBLE CONNECTIONS LLC files its Complaint against Defendant ASROCK AMERICA, INC., alleging as follows:

### THE PARTIES

1. Plaintiff REVERSIBLE CONNECTONS LLC ("Reversible Connections") is a corporation formed and existing under the laws of the State of Delaware with its principal place of business in Ottawa, Canada.

2. Upon information and belief, ASROCK AMERICA, INC. ("ASRock") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 13848 Magnolia Avenue, Chino, California 91710. ASRock may be served with process through its registered agent, Ta-Chen Wei, 13848 Magnolia Avenue, Chino, California 91710.

### JURISDICTION AND VENUE

3. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, ASRock is subject to personal jurisdiction by this Court. ASRock has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity. ASRock makes, uses, and/or sells infringing products within the Central District of California and has a continuing presence and the requisite minimum contacts with the Central District of California. Venue is proper in this District because ASRock maintains its principal place of business in Chino, California, such that this venue is a fair and reasonable one. Upon information and belief, ASRock has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Central District of California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

### PATENT-IN-SUIT

5. On December 2, 2008, United States Patent No. 7,458,825 ("the '825 Patent") was duly and legally issued for "DOUBLE-SIDED USB-COMPATIBLE PLUG CONNECTOR

ADAPTED FOR INSERTION IN EITHER ORIENTATION INTO A USB-COMPATIBLE RECEPTACLE" A true and correct copy of the '825 Patent is attached hereto as Exhibit A and made a part hereof. The '825 Patent is sometimes referred to herein as "the Patent-in-Suit."

6. As it pertains to this lawsuit, the Patent-in-Suit, very generally speaking, relates to universal connectors for electronics devices such as laptop and desktop computers, tablets, smart phones and other devices. The invention of the '825 differed from prior universal connectors such as those defined by the Universal Serial Bus ("USB") standard which could only be connected in one of two potential orientations (right side up or upside down). The '825 patent discloses a connector with electrical contacts on two opposing surfaces where those contacts are mutually opposed on the two surfaces. In this manner, the connector can insert into a compatible receptacle in either orientation. The '825 patent further discloses and claims a short circuit prevention device to avoid potential short circuits between the contacts and the connector.

**FIRST CLAIM FOR RELIEF**

**(Patent Infringement)**

7. Reversible Connections repeats and realleges every allegation set forth above.

8. Reversible Connections is the exclusive licensee of the Patent-in-Suit with the exclusive right to enforce the Patent-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action.

9. ASRock has had knowledge of the existence of the Patent-in-Suit since July 13, 2017, the date on which Reversible Connections sent a letter to ASRock notifying it of these infringement allegations.

10. Upon information and belief, ASRock is liable under 35 U.S.C. §271(a) for direct infringement of the Patent-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the Patent-in-Suit.

11. Upon information and belief, ASRock is also liable under 35 U.S.C. §271(b) for inducing infringement of, and under 35 U.S.C. §271(c) for contributory infringement of the Patent-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides,

supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the Patent-in-Suit. More specifically, ASRock infringes the Patent-in-Suit because it makes, uses, sells, and offers for sale products and systems with USB ports adhering to the USB 3.1 Type C standard, including but not limited to the models of mini PCs, industrial motherboards, single board computers, industrial PC boxes, and motherboards listed in Exhibit B (collectively "Accused Products"). Accordingly, the USB ports include a connector having two sets of mutually opposed contacts. The USB ports are capable of being connected in either orientation with a compatible receptacle that is plugged into the port. The Accused Products further include circuitry connected to the USB ports that provides short circuit prevention for the port. By adhering to the USB 3.1 Type C standard, the Accused Products include a multi-contact connector that meets each and every limitation of claim 1. By selling the Accused Products, ASRock in the past directly infringed and continues to directly infringe at least claim 1 of the '825 Patent.

12. By providing the ASRock Accused Products, ASRock has, in the past induced, and continues to induce, its customers and/or end users to infringe at least claim 1 of the '825 Patent. For example, end users of the Accused Products directly infringe at least claim 1 of the '825 Patent when using these devices.

13. On information and belief, ASRock possessed a specific intent to induce infringement by at a minimum, providing user guides and other sales-related materials, and by way of advertising, solicitation, and provision of product instruction materials, that instruct its customers and end users on the normal operation of the Accused Products and the USB connectors that infringe the Patent-in-Suit.

14. By providing these devices, ASRock has, in the past contributed to, and continues to contribute to, the infringement of their customers and/or end users of at least claim 1 of the '825 Patent.

15. Upon information and belief, the USB connectors within ASRock's Accused Products have no substantial non-infringing uses, and ASRock knows that these connectors are especially made or especially adapted for use in a product that infringes the Patent-in-Suit.

3

COMPLAINT FOR INFRINGEMENT OF PATENT

16. Reversible Connections has been damaged as a result of ASRock's infringing conduct. ASRock, thus, is liable to Reversible Connections in an amount that adequately compensates Reversible Connections for ASRock's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

Reversible Connections requests that the Court find in its favor and against ASRock, and that the Court grant Reversible Connections the following relief:

    a. Judgment that one or more claims of the Patent-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by ASRock;

    b. Judgment that ASRock account for and pay to Reversible Connections all damages to and costs incurred by Reversible Connections because of ASRock's infringing activities and other conduct complained of herein;

    c. Judgment that Reversible Connections be awarded a post judgment, ongoing royalty to compensate for future infringement;

    d. That Reversible Connections be granted pre-judgment and post-judgment interest on the damages caused to it by reason of ASRock's infringing activities and other conduct complained of herein;

    e. That this Court declare this an exceptional case and award Reversible Connections its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

    f. That Reversible Connections be granted such other and further relief as the Court may deem just and proper under the circumstances.

///
///
///
///
///

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: July 20, 2017            s/ H.H. (Shashi) Kewalramani

H.H. (SHASHI) KEWALRAMANI
S|H|K Legal, APC
P.O. Box 18714
Anaheim, CA 92807
Telephone: (714) 335-4590
Fax: (714) 363-3822
Email: shashi@shklegal.com

Attorney for Plaintiff
RERVISIBLE CONNECTIONS LLC

Of Counsel:

Jonathan T. Suder
Corby R. Vowell
Dave R. Gunter
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: vowell@fsclaw.com
Email: gunter@fsclaw.com